**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Juan Deshannon Butler,<br><br>        Petitioner,<br><br>vs.<br><br>Becky Clay,<br><br>        Respondent. | CV12-0801-TUC-DCB (JR)<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner Juan Deshannon Butler is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 6). This Report and Recommendation is submitted to the Honorable David C. Bury, United States District Judge, pursuant to 28 U.S.C. § 636 and Local Rules – Civil 72.1 and 72.2. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I.  BACKGROUND**

      Petitioner is currently incarcerated at the Federal Correctional Institution, Tucson, Arizona. In the Petition, Petitioner challenges his 2006 sentence imposed based on his conviction in the Northern District of Oklahoma of Unlawful Possession

of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Petitioner contends that his escape conviction under Okla. Stat. tit. 21, § 443 was improperly used to enhance his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because it does not qualify as a predicate offense.

A conviction for Unlawful Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), carries a maximum penalty of 10 years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA provides for a mandatory minimum sentence of 15 years for a person who violates § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1).[1] Based on that provision, on January 4, 2006, Petitioner was sentenced to a 180-month term of imprisonment. In a May 7, 2007 Opinion, the Tenth Circuit Court of Appeals affirmed. *United States v. Butler*, 485 F.3d 569 (10th Cir. 2007).

On September 10, 2008, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In a January 23, 2009 Order, the trial court dismissed the § 2255 motion as untimely, finding that the filing deadline

---

[1] The ACCA defines a "violent felony" as any felony, whether state or federal, that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

2

1 was August 6, 2008. In a February 25, 2009 Order, the trial court denied his motion
2 to reconsider. On July 30, 2009, the Tenth Circuit denied Petitioner's request for a
3 certificate of appealability. In an October 1, 2012 Order, the Tenth Circuit denied
4 Petitioner's request for authorization to file a second or successive § 2255 motion.

## II. PETITIONER'S CLAIM

In his Amended § 2241 Petition, Petitioner claims his sentence exceeds the statutory maximum for a § 922(g)(1) conviction and alleges that his sentence was illegally enhanced because after the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v United States*, 555 U.S. 122 (2009), a "walk away escape" no longer constitutes a crime of violence for purposes of § 924(e)(1).

## III. DISCUSSION

### A. Jurisdiction

A federal prisoner who seeks to challenge the legality of his confinement must generally rely on a petition under 28 U.S.C. § 2255 motion to do so. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). In contrast, a petition under 28 U.S.C. § 2241 is available only to a prisoner challenging the manner, location, or conditions of his sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief,

3

unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). This exception, often referred to as the "escape hatch," *see Lorensten v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000), is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The escape hatch is available only where "a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)).

### 1. Actual Innocence

In *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012), the Ninth Circuit held that a § 2241 petitioner who argued that he was erroneously sentenced as a career criminal did not qualify under the escape hatch. *Id.* at 1193; *see also Rith v. Rios*, 514 Fed.Appx. 684 (9th Cir. 2013) (one cannot be "actually innocent" of a career offender status for sentencing purposes); *Green v. Thomas*, 485 Fed.Appx. 888 (9th Cir. 2012) (one cannot be innocent of being classified as a career offender under the Sentencing Guidelines because that is not a cognizable claim of actual innocence under the escape hatch). However, in reaching its conclusion in *Marrero*, the court stated that it has "not yet resolved the question whether a petitioner may ever be actually innocent of a non-capital *sentence* for the purpose of qualifying for the escape hatch." 682 F.3d at 1193. Later in the decision, the court added that "some of our sister circuits have recognized exceptions to the general rule that a petitioner cannot be actually innocent of a noncapital sentence under the escape hatch," but found that it

4

1 did not need to decide whether to endorse any of the exceptions recognized in other
2 circuits because the petitioner did not qualify for any of them. *Id*. at 1194-95.

3       One of the exceptions left open by the Ninth Circuit in *Marrero* was the
4 possibility that § 2241 habeas jurisdiction may be proper where the career criminal
5 enhancement places the sentence outside the statutory maximum for the underlying
6 offense. *Id*. Although not expressly recognized by the Ninth Circuit, the exception
7 has been recognized by the Eleventh Circuit. *See Gilbert v. United States*, 640 F.3d
8 1293, 1319 n. 20 (11th Cir. 2011) ("For that reason, a pure *Begay* error would fit
9 within the government's concession that the savings clause applies to errors that
10 resulted in a sentence beyond the statutory maximum that would have applied but for
11 the error."). Here, Petitioner's career criminal-enhanced sentence of 180 months
12 exceeded the 10-year maximum penalty for a stand-alone conviction for the
13 Unlawful Possession of a Firearm and Ammunition by a Convicted Felon. *See* 18
14 U.S.C. § 922(g)(1); 18 U.S.C. § 924(a)(2). As Petitioner's enhanced sentence did not
15 fall within the statutory maximum for the underlying crime, § 2241 jurisdiction is not
16 expressly foreclosed by *Marrero*.

17       **2.**    **Unobstructed Procedural Shot**

18       In determining whether a petitioner has had an unobstructed procedural shot to
19 pursue his claim, the court considers "(1) whether the legal basis for petitioner's
20 claim 'did not arise until after he had exhausted his direct appeal and first § 2255
21 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim
22

after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

Petitioner bases his claim on *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v United States*, 555 U.S. 122 (2009). *Chambers* issued on January 13, 2009. That date is well after the August 6, 2008, filing deadline for his § 2255 petition and therefore was not available to him when that motion should have been filed. However, *Begay* issued on April 16, 2008, which is almost four months prior to his § 2255 filing deadline. Thus, if *Begay* provides the legal basis for his claim, the claim was available before he exhausted his opportunity to raise it through a timely-filed § 2255 petition.

In *Begay*, the Supreme Court held that driving under the influence is not an ACCA predicate because it is not purposeful, violent and aggressive. 553 U.S. at 145-48. Prompted by that ruling, and prior to the Supreme Court's decision in *Chambers*, a number of defendants and habeas petitioners claimed that their prior convictions did not constitute crimes of violence under the ACCA or the Sentencing Guidelines.[2] *See, e.g., United States v. Lee*, 2008 WL 2595190 (E.D. Wis. June 27,

---

[2] The definition of "violent felony" under the ACCA is nearly identical to the definition of "crime of violence" under the Sentencing Guidelines. *Compare* 18 U.S.C. § 924(e)(2)(B) *with* U.S.S.G. § 4B1.2(a). Because of this, courts frequently use cases interpreting the term "crime of violence" under the Sentencing Guidelines to inform their interpretation of the term "violent felony" under the ACCA. *See, e.g., United States v. Chandler*, 743 F.3d 648, 650 and n. 1 (9th Cir. 2014) ("Because there is no meaningful distinction between the definitions, we have used our analysis of the definition of crime of violence in the Sentencing Guidelines to guide our interpretation of violent felony in the ACCA.").

2008) (finding that conviction for fleeing constituted a crime of violence under the Sentencing Guidelines after *Begay*); *United States v. Henry*, 556 F.Supp.2d 133 (D. Conn. 2008) (considering whether a conviction for violating a protective order was a crime of violence under the ACCA after *Begay*); *United States v. Harris*, 2008 WL 2228526 (E.D. Va. May 29, 2008) (finding that conviction for larceny from a person constituted a crime of violence under the Sentencing Guidelines after *Begay*).  In fact, in *United States v. Charles*, 566 F.Supp.2d 1229 (D. Kan. 2008), the defendant expressly relied on *Begay* to argue that his previous escape from the custody of a halfway house was not a crime of violence.  *Id*. at 1232.  After a lengthy discussion of *Begay*, the district court in *Charles* rejected the defendant's argument.  *Id*. at 1238.  On appeal, however, the Tenth Circuit Court of Appeals remanded the case for reevaluation based on the intervening decision in *Chambers*.  *United States v. Charles*, 576 F.3d 1060, 1069 (10th Cir. 2009).  On remand, the district court held that, based on *Chambers*, the defendant's escape conviction was not a crime of violence for purposes of career offender sentencing.  *United States v. Charles*, 667 F.Supp.2d 1246, 1259 (D. Kan. 2009); *see also United States v. Nichols*, 563 F.Supp.2d 631 (S.D. W.Va. 2008) (based on *Begay* finding that prior conviction for escape did not constitute a crime of violence under the sentencing guidelines).

As the foregoing cases establish, prior to the August 6, 2008 deadline for Petitioner to file his § 2255 petition, the issue of *Begay's* impact on the determination

of whether various crimes could properly serve as the predicate offense for enhanced sentencing under the Sentencing Guidelines and the ACCA had been raised in a number of cases. Moreover, the *Charles* case arose in the Tenth Circuit, the same circuit that rejected Petitioner's tardy § 2255 petition, and involved the same issue Petitioner attempts to raise here. Based on *Charles* and the numerous other cases raising sentencing claims, it is clear that the legal basis for Petitioner's claim arose with the decision in *Begay* and was available prior to the deadline for Petitioner to file his § 2255 petition. Petitioner was entitled only to the opportunity to present his claim. *Ivy*, 328 F.3d at 1060. Other than the unavailability of *Begay* and *Chambers*, Petitioner cites no other obstruction the prevented him from raising the present claim in a timely filed § 2255 petition. The cases reviewed above undermine his contention. Despite the fact that he failed to do so, Petitioner had an unobstructed procedural shot to raise the present claim and was obligated to do so. *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011) (holding that petitioner did qualify for escape hatch because he could have raised his statutory innocence claim in his first § 2255 petition). Because he did not, he does not satisfy the criteria for filing the instant petition under § 2241 pursuant to the "escape hatch" of § 2255 and the Court is without jurisdiction to consider the petition.

**IV. RECOMMENDATION**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Petitioner Juan Deshannon Butler's Amended Petition for Writ of Habeas Corpus (Doc. 6).

1      This Recommendation is not an order that is immediately appealable to the
2 Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1),
3 Federal Rules of Appellate Procedure, should not be filed until entry of the District
4 Court's judgment.
5      However, the parties shall have fourteen (14) days from the date of service of
6 a copy of this recommendation within which to file specific written objections with
7 the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the
8 Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen (14) days
9 within which to file a response to the objections.  Replies shall not be filed without
10 first obtaining leave to do so from the District Court.  If any objections are filed, this
11 action should be designated case number: **CV 12-0801-TUC-DCB**.  Failure to timely
12 file objections to any factual or legal determination of the Magistrate Judge may be
13 considered a waiver of a party's right to *de novo* consideration of the issues.  *See*
14 *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).
15      Dated this 19th day of November, 2014.

16

17      _____
         Jacqueline M. Rateau
18       United States Magistrate Judge

19

20

21

22

9